**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01186-JLK-KMT

JULIAN FERGUSON, Individually and On Behalf of All Others Similarly Situated,

      Plaintiff,

    v.

OPPENHEIMERFUNDS, INC.;
OPPENHEIMER INTEGRITY FUNDS;
OPPENHEIMER CORE BOND FUND;
WILLIAM L. ARMSTRONG;
JOHN V. MURPHY;
BRIAN W. WIXTED;
ROBERT G. AVIS;
GEORGE C. BOWEN;
EDWARD L. CAMERON;
JON S. FOSSEL;
SAM FREEDMAN;
BEVERLY L. HAMILTON;
ROBERT J. MALONE;
F. WILLIAM MARSHALL, JR.; and
OPPENHEIMERFUNDS DISTRIBUTOR, INC.

      Defendants.

---

**DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF THE FERGUSON GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD AND LIAISON COUNSEL AND APPOINTMENT OF INTERIM CLASS COUNSEL**

---

    I, Jonathan K. Levine, declare as follows:

    1.    I am a partner of Girard Gibbs LLP. I submit this declaration in support of the Ferguson Group's Motion for Appointment as Lead Plaintiff, Approval of Lead and Liaison Counsel and Appointment of Interim Class Counsel.

2.      Attached as **Exhibit A** is a true and correct copy of the PSLRA notice published on *Business Wire* on April 23, 2009 with the filing of *Kenneth D. Smith v. Oppenheimer Funds, Inc., et al*, Civil Action No. 09-CV00929.  A copy of the second notice published on *Business Wire* with the filing of the Ferguson complaint on May 26, 2009 is attached as **Exhibit B**.

3.      Attached as **Exhibit C** is a true and correct copy of Julian Ferguson's Amended Certification of Proposed Lead Plaintiff Pursuant to the Federal Securities Laws.   The certification Mr. Ferguson filed with his complaint did not include dividend reinvestments, which are included in attachment A to his amended certification.

4.      Attached as **Exhibit D** is a true and correct copy of Peter T. Sauter's Certification of Proposed Lead Plaintiff Pursuant to the Federal Securities Laws.

5.      Attached as **Exhibit E** is the Declaration of Julian Ferguson.

6.      Attached as **Exhibit F** is the Declaration of Peter T. Sauter.

7.      Attached as **Exhibit G** is an analysis of Julian Ferguson's and Peter Sauter's transactions in the Oppenheimer Core Bond Fund during the class period.

8.      Attached as **Exhibit H** is Girard Gibbs LLP's firm resume.

9.      Attached as **Exhibit I** is Sherman & Howard LLC's firm resume.

I declare under penalty of perjury under the laws of the United States of America that the foregoing it true and correct.


Executed this 22nd day of June 2009 in San Francisco, California.


_____s/ *Jonathan K. Levine*_____
Jonathan K. Levine

2

## CERTIFICATE OF SERVICE

I Jonathan K. Levine hereby certify that on June 22, 2009, I electronically filed a true and correct copy of the foregoing **DECLARATION OF JONATHAN K. LEVINE IN SUPPORT OF THE FERGUSON GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD AND LIAISON COUNSEL AND APPOINTMENT OF INTERIM CLASS COUNSEL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Gordon W. Netzorg<br>Peter G. Koclanes<br>**Sherman & Howard, LLC**<br>633 17th Street, Suite 3000<br>Denver, CO 80202<br>gnetzorg@shermanhoward.com<br>pkoclanes@shermanhoward.com | Stephanie E. Dunn<br>**Perkins Coie LLP**<br>1899 Wynkoop Street, Suite 700<br>Denver, Colorado 20202<br>sdunn@perkinscoie.com |
| Separately emailed to Magistrate Judge<br>Kathleen M. Tafoya<br>Tafoya_Chambers@cod.uscourts.gov | Peter G. Rush<br>**K&L Gates LLP-Chicago**<br>70 West Madison Street , #3100<br>Chicago , IL 60602-4207<br>312-372-1121<br>Fax: 312-827-8005<br>Email: peter.rush@klgates.com |

In addition, I hereby certify that I caused courtesy copies of the foregoing to be served upon the following parties by electronic mail on June 22, 2009.

| | |
|---|---|
| Steven J. Toll<br>Daniel S. Sommers<br>S. Douglas Bunch<br>**Cohen Milstein Sellers & Toll PLLC**<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, D.C. 20006<br>stoll@cohenmilstein.com<br>dsommers@cohenmilstein.com | William K. Dodds<br>**Dechert LLP**<br>1095 Avenue of the Americas<br>New York, New York 10036<br>William.dodds@dechert.com |

| | |
|---|---|
| Robert Bruce Carey<br>**The Carey Law Firm**<br>2301 East Pikes Peak Avenue<br>Colorado Springs, CO  80909<br>rcarey@careylaw.com | Jeffrey Allen Berens<br>**Dyer & Berens, LLP**<br>682 Grant Street<br>Denver, CO  80203<br>jeff@dyerberens.com |
| Kip B. Shuman<br>Rustey E. Glenn<br>**Shuman Law Firm**<br>885 Arapahoe Avenue<br>Boulder, Colorado  80302<br>kip@shumanlawfirm.com<br>rusty@shumanlawfirm.com | Dale R. Harris<br>**Davis Graham & Stubbs, LLP – Denver**<br>1550 17th Street, #500<br>Denver, Coloardo  20202<br>Dale.harris@dgslaw.com |
| Christopher J. Keller<br>**Labaton Sucharow LLP**<br>140 Broadway, 23rd Floor<br>New York, New York  10005<br>ckeller@labaton.com | Timothy Beyer<br>Michael Byrne<br>**Brownstein Hyatt Farber Schieck, LLP**<br>410 17th Street, #2200<br>Denver, Colorado  20202<br>tbeyer@bhfs.com<br>mbyrne@bhfs.com |
| Andrei Rado<br>**Milberg, LLP**<br>One Pennsylvania Plaza, 49th Floor<br>New York, New York  10119<br>arado@milberg.com | Jeffrey S. Abraham<br>**Abraham & Paskowtiz**<br>One Penn Plaza #1910<br>New York, New York  10119<br>jabraham@aftlaw.com |
| Kirk Douglas Tresemer<br>Darren A. Natvig<br>**Irwin & Boesen, P.C.**<br>4100 E. Mississippi Avenue, 19th Floor<br>Denver, Colorado  80246<br>ktresemer@irwin-boesen.com<br>dnatvig@irwin-boesen.com | Charles Walter Lilley<br>Karen Jean Cody-Hopkins<br>**Charles Lilley & Associates, P.C.**<br>1600 Stout Street, #1100<br>Denver, Colorado  80202<br>clilley@lilleylaw.com<br>kjch@lilleylaw.com |
| Reed R. Kathrein<br>**Hagens Berman Sobol Shapiro, LLP – Berkeley**<br>715 Hearst Avenue, #202<br>Berkeley, California  94710<br>reed@hbsslaw.com | |

Exhibit A

4/23/2009                                    Girard Gibbs LLP Files Class Action La...



**BusinessWire**
A Berkshire Hathaway Company

April 23, 2009 01:05 PM Eastern Daylight Time

## Girard Gibbs LLP Files Class Action Lawsuit on Behalf of Oppenheimer Core Bond Fund Investors (OPIGX, OIGBX, OPBCX)

SAN FRANCISCO–(BUSINESS WIRE)–The law firm of Girard Gibbs LLP (http://www.girardgibbs.com/opigx) has filed a class action lawsuit on behalf of investors of the Oppenheimer Core Bond Fund (OPIGX, OIGBX, OPBCX). The complaint alleges that Oppenheimer Core Bond Fund, while representing itself as conservative and appropriate as "a long-term investment" and as "part of a retirement plan portfolio" was exceeding its own risk controls by investing in high-risk, highly leveraged bets that directly conflicted with its stated conservative strategy. The Core Bond Fund lost more than 35 percent of its value in 2008 and another 10 percent in the first three months of 2009 alone.

The Oppenheimer Core Bond Fund was promoted as appropriate for, and was offered by, several 529 college savings plans, such as the Illinois 529 Bright Start plan, the Oregon College Savings Plan, the Texas Lonestar 529 Plan, Maine's NextGen College Investing Plan, the New Mexico Scholar's Edge and College Sense 529 plans and Nebraska's State Farm College Savings Plan. The Fund was also offered by several retirement plans and annuities.

The class action, entitled *Smith v. OppenheimerFunds Inc. et al*, 09-cv-00929-WDM-KMT, is pending in the United States District Court for the District of Colorado. It names as defendants Oppenheimer Core Bond Fund, OppenheimerFunds and certain of its officers and directors. OppenheimerFunds is a subsidiary of Massachusetts Mutual Life Insurance Company ("MassMutual"). Defendants are charged with violations of the Securities Act of 1933 and the Investment Company Act of 1940 for issuing false and misleading statements as to the Fund's overall strategy and investment objectives in the Fund's filings with the Securities and Exchange Commission.

If you would like to serve as lead plaintiff in this action, you must move the Court no later than June 22, 2009. If you were invested in the Oppenheimer Core Bond Fund directly, or believe you may have been invested in the Fund through your 529 plan or retirement plan, and wish to learn more about your rights as an investor, please contact Girard Gibbs LLP (www.girardgibbs.com/opigx.asp) or call 866-981-4800. Any member of the putative class may move the Court to serve as lead plaintiff through counsel of his or her choice, or may choose to do nothing and remain an absent class member.

Girard Gibbs LLP is one of the nation's leading firms representing individual and institutional investors in the prosecution of investor class actions with extensive experience in actions involving financial fraud. If you wish to discuss your rights as an investor in the Oppenheimer Core Bond Fund, please contact Girard Gibbs LLP (www.girardgibbs.com/opigx.asp) or call 866-981-4800 to speak with the following attorney:

Regina A. Sandler (ras@girardgibbs.com)

601 California Street, Suite 1400

San Francisco, CA 94108

Phone number: (866) 981-4800

Website: http://www.girardgibbs.com/opigx.asp

4/23/2009                          Girard Gibbs LLP Files Class Action La...

Contacts

Girard Gibbs LLP
Daniel C. Girard, 866-981-4800
Jonathan K. Levine, 866-981-4800
Regina A. Sandler, 866-981-4800

**Permalink:** http://w w w .businessw ire.com/new s/home/20090423006055/en



Exhibit B

GIRARD GIBBS LLP

May 26, 2009 07:00 AM Pacific Daylight Time 📷

## Girard Gibbs LLP Files Class Action Lawsuit on Behalf of Oppenheimer Core Bond Fund Investors (OPIGX, OIGBX, OPBCX); Announces Upcoming Investor Deadline

SAN FRANCISCO--(BUSINESS WIRE)--The law firm of Girard Gibbs LLP (http://www.girardgibbs.com/opigx) has filed a class action lawsuit on behalf of investors of the Oppenheimer Core Bond Fund (OPIGX, OIGBX, OPBCX). The complaint alleges that Oppenheimer Core Bond Fund, while representing itself as conservative and appropriate as "a long-term investment" and as "part of a retirement plan portfolio" was exceeding its own risk controls by investing in high-risk, highly leveraged bets that directly conflicted with its stated conservative strategy. The Core Bond Fund lost more than 35 percent of its value in 2008 and another 10 percent in the first three months of 2009 alone.

The class action, entitled *Ferguson v. OppenheimerFunds Inc. et al*, is pending in the United States District Court for the District of Colorado. It names as defendants Oppenheimer Core Bond Fund, OppenheimerFunds and certain of its officers and directors. OppenheimerFunds is a subsidiary of Massachusetts Mutual Life Insurance Company ("MassMutual"). Defendants are charged with violations of the Securities Act of 1933 and the Investment Company Act of 1940 for issuing false and misleading statements as to the Fund's overall strategy and investment objectives in the Fund's filings with the Securities and Exchange Commission.

If you would like to serve as lead plaintiff in this action, you must move the Court no later than June 22, 2009. If you were invested in the Oppenheimer Core Bond Fund directly, or believe you may have been invested in the Fund through your retirement plan or through a 529 college savings plan, and wish to learn more about your rights as an investor, please contact Girard Gibbs LLP (www.girardgibbs.com/opigx.asp) or call 866-981-4800. Any member of the putative class may move the Court to serve as lead plaintiff through counsel of his or her choice, or may choose to do nothing and remain an absent class member.

Girard Gibbs LLP is one of the nation's leading firms representing individual and institutional investors in the prosecution of investor class actions with extensive experience in actions involving financial fraud. If you wish to discuss your rights as an investor in the Oppenheimer Core Bond Fund, please contact Girard Gibbs LLP (www.girardgibbs.com/opigx.asp) or call 866-981-4800 to speak with the following attorney:

Regina A. Sandler (ras@girardgibbs.com)
601 California Street, Suite 1400
San Francisco, CA 94108
Phone number: (866) 981-4800
Website: http://www.girardgibbs.com/opigx.asp

Contacts

Girard Gibbs LLP
Daniel C. Girard, 866-981-4800
Jonathan K. Levine, 866-981-4800
Regina A. Sandler, 866-981-4800

**Permalink:** http://www.businesswire.com/news/home/20090526005273/en

**BusinessWire**

Exhibit C

## AMENDED CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Julian Ferguson, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.     I have reviewed the complaint against Oppenheimer Core Bond Fund and others prepared by Girard Gibbs LLP, whom I designate as my counsel in this action for all purposes.

2.     I did not acquire any shares of the Oppenheimer Core Bond Fund at the direction of Girard Gibbs LLP or in order to participate in any private action under the federal securities laws.

3.     I am willing to serve as a lead plaintiff either individually or as part of a group.  I understand that a lead plaintiff is a representative party who acts on behalf of other class members in directing the litigation, and whose duties may include testifying at deposition or trial.

4.     I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the Court pursuant to law.

5.     I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.     I understand that this is not a claim form, and that my ability to share in any recovery as a class member is not affected by my decision to serve as a representative party.

7.      My purchases and sales of shares of the Oppenheimer Core Bond Fund during the class period are listed in **Attachment A** to this document.

8.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22ʳᵈ day of June, 2009.

Julian Ferguson

2

**ATTACHMENT A**

**JULIAN FERGUSON'S TRANSACTIONS IN
OPPENHEIMER CORE BOND FUND (OPIGX), DURING THE CLASS PERIOD**

| TRADE DATE | AMOUNT INVESTED | PRICE PER SHARE | NUMBER OF SHARES | PURCHASE OR SALE |
|---|---|---|---|---|
| 3/11/08 | $25,831.30 | $9.34 | 2,765.664 | PURCHASE |
| 3/31/08 | $83.12 | $9.73 | 8.543 | PURCHASE |
| 4/30/08 | $126.20 | $9.98 | 12.645 | PURCHASE |
| 5/30/08 | $140.89 | $10.01 | 14.075 | PURCHASE |
| 6/30/08 | $133.53 | $9.77 | 13.667 | PURCHASE |
| 7/31/08 | $150.17 | $9.46 | 15.874 | PURCHASE |
| 8/29/08 | $151.80 | $9.28 | 16.358 | PURCHASE |
| 9/30/08 | $124.88 | $8.48 | 14.726 | PURCHASE |
| 10/31/08 | $146.85 | $7.38 | 19.898 | PURCHASE |
| 11/28/08 | $121.98 | $5.92 | 20.605 | PURCHASE |
| 12/30/08 | $123.78 | $6.13 | 20.192 | PURCHASE |
| 1/30/09 | $127.41 | $5.79 | 22.005 | PURCHASE |

| 2/27/09 | $122.31 | $5.33 | 22.947 | PURCHASE |
|---------|-------------|-------|-----------|----------|
| 3/10/09 | $15,340.42 | $5.17 | 2,967.199 | SALE |

Exhibit D

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Peter T. Sauter, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.      I have reviewed the complaint against Oppenheimer Core Bond Fund and others prepared by Girard Gibbs LLP, whom I designate as my counsel in this action for all purposes.

2.      I did not acquire any shares of the Oppenheimer Core Bond Fund at the direction of Girard Gibbs LLP or in order to participate in any private action under the federal securities laws.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group.  I understand that a lead plaintiff is a representative party who acts on behalf of other class members in directing the litigation, and whose duties may include testifying at deposition or trial.

4.      I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the Court pursuant to law.

5.      I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.      I understand that this is not a claim form, and that my ability to share in any recovery as a class member is not affected by my decision to serve as a representative party.

7.     My purchases and sales of shares of the Oppenheimer Core Bond Fund during the class period are listed in **Attachment A** to this document.

8.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this  8TH  day of June, 2009.

Peter T. Sauter

## ATTACHMENT A

## PETER T. SAUTER'S TRANSACTIONS IN
## OPPENHEIMER CORE BOND FUND (OPIGX), DURING THE CLASS PERIOD

| TRADE DATE | AMOUNT INVESTED | PRICE PER SHARE | NUMBER OF SHARES | PURCHASE OR SALE |
|---|---|---|---|---|
| 1/29/08 | $25,472.70 | $10.14 | 2,512.101 | PURCHASE |
| 1/31/08 | $6.40 | $10.15 | .631 | PURCHASE |
| 2/29/08 | $110.76 | $9.82 | 11.279 | PURCHASE |
| 3/31/08 | $109.58 | $9.73 | 11.262 | PURCHASE |
| 4/14/08 | $123.34 | $9.77 | 12.624 | SALE |
| 4/30/08 | $115.03 | $9.98 | 11.526 | PURCHASE |
| 5/30/08 | $128.12 | $10.01 | 12.799 | PURCHASE |
| 6/12/08 | $8,775.16 | $9.86 | 889.976 | SALE |
| 6/30/08 | $94.79 | $9.77 | 9.702 | PURCHASE |
| 7/15/08 | $81.42 | $9.71 | 8.385 | SALE |
| 7/31/08 | $88.68 | $9.46 | 9.374 | PURCHASE |
| 8/29/08 | $89.42 | $9.28 | 9.636 | PURCHASE |
| 9/30/08 | $73.56 | $8.48 | 8.675 | PURCHASE |
| 10/15/08 | $71.49 | $7.63 | 9.370 | SALE |

| | | | | |
|---|---|---|---|---|
| 10/31/08 | $86.29 | $7.38 | 11.692 | PURCHASE |
| 11/28/08 | $71.45 | $5.92 | 12.069 | PURCHASE |
| 12/30/08 | $72.55 | $6.13 | 11.835 | PURCHASE |
| 1/15/09 | $52.39 | $6.02 | 8.703 | SALE |
| 1/23/09 | $9,931.54 | $5.83 | 1,703.523 | SALE |
| 1/30/09 | $56.39 | $5.79 | 9.739 | PURCHASE |
| 2/5/09 | $55.32 | $5.68 | 9.739 | SALE |
| 2/27/09 | $0.04 | $5.33 | .008 | PURCHASE |
| 3/5/09 | $0.04 | $5.23 | .008 | SALE |

Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 09-cv-01186-JLK-KMT**

JULIAN FERGUSON, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

OPPENHEIMERFUNDS, INC.;
OPPENHEIMER INTEGRITY FUNDS;
OPPENHEIMER CORE BOND FUND;
WILLIAM L. ARMSTRONG;
JOHN V. MURPHY;
BRIAN W. WIXTED;
ROBERT G. AVIS;
GEORGE C. BOWEN;
EDWARD L. CAMERON;
JON S. FOSSEL;
SAM FREEDMAN;
BEVERLY L. HAMILTON;
ROBERT J. MALONE;
F. WILLIAM MARSHALL, JR.; and
OPPENHEIMERFUNDS DISTRIBUTOR, INC.

        Defendants.

---

**DECLARATION OF JULIAN FERGUSON IN SUPPORT OF THE FERGUSON GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD AND LIAISON COUNSEL AND APPOINTMENT OF INTERIM CLASS COUNSEL**

---

I, Julian Ferguson, declare as follows:

1.    I am a member of the proposed Ferguson Group and submit this Declaration in support of the Ferguson Group's Motion for Appointment as Lead Plaintiff, Approval of Lead and Liaison Counsel and Appointment of Interim Counsel. Except as otherwise stated, the facts herein are known to me of my own personal knowledge, and if called upon to do so I could and would testify competently thereto.

2.      Peter T. Sauter and I separately contacted Girard Gibbs about our Oppenheimer Core Bond Fund investments. I purchased Oppenheimer Core Bond Fund shares between March 2008 and February 2009 and suffered losses of $12,043.80.

3.      Mr. Sauter and I were introduced to one another by Girard Gibbs. We decided to form the Ferguson Group because we both suffered losses from investing in the Oppenheimer Core Bond Fund and share common views of the goals and management of the litigation.

4.      On June 17, 2009, Mr. Sauter and I met by phone with counsel to discuss joint prosecution of the claims in this case. We established procedures for regularly communicating with each other. We will require regular progress reports about the litigation from counsel. We also intend to hold periodic conferences with counsel to be apprised of case developments and to provide direction to counsel on matters of importance to the litigation. We are both committed to making significant strategic decisions by consensus. I am confident that we will be able to resolve any differences that may arise during the course of the litigation.

5.      I am lieutenant in the United States Navy and have served for 23 years. I am a director of hospital administration in the Medical Services Core.

6.      Before selecting Girard Gibbs, Mr. Sauter and I independently evaluated the law firm's experience. I am aware that the Group and I may select any counsel and that we were not and are not compelled to recommend Girard Gibbs as Plaintiffs' Lead Counsel. By submitting this Declaration, I am personally ratifying Girard Gibbs as my choice for that role in this litigation.

7.      I understand that serving as Lead Plaintiff entails certain responsibilities and obligations, including fairly and adequately representing the interests of the Class by vigorously prosecuting this case. If the Ferguson Group is appointed by the Court, I will, among other

2

things, review pleadings and motion papers received from counsel, stay apprised of the progress of the litigation, participate in the discovery process by producing documents, answering interrogatories and giving deposition testimony, and provide input into significant litigation strategies and decisions, including decisions relating to settlement.

8.      I believe the Group will remain well-informed throughout this litigation and will exercise general control of the litigation itself and will not be controlled or unduly influenced by legal counsel. Mr. Sauter and I have therefore authorized Girard Gibbs to ask the Court to appoint us as Lead Plaintiff as a group that will work together to supervise the work of our counsel in prosecuting this case. We ask that the Court approve our selection of Girard Gibbs as Plaintiffs' Lead Counsel.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing it true and correct.

Executed this 22 day of June 2009 in  Fredericksburg, VA .
                                        (City)          (State)

Julian Ferguson

3

Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 09-cv-01186-JLK-KMT**

JULIAN FERGUSON, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

    v.

OPPENHEIMERFUNDS, INC.;
OPPENHEIMER INTEGRITY FUNDS;
OPPENHEIMER CORE BOND FUND;
WILLIAM L. ARMSTRONG;
JOHN V. MURPHY;
BRIAN W. WIXTED;
ROBERT G. AVIS;
GEORGE C. BOWEN;
EDWARD L. CAMERON;
JON S. FOSSEL;
SAM FREEDMAN;
BEVERLY L. HAMILTON;
ROBERT J. MALONE;
F. WILLIAM MARSHALL, JR.; and
OPPENHEIMERFUNDS DISTRIBUTOR, INC.

     Defendants.

---

## DECLARATION OF PETER T. SAUTER IN SUPPORT OF THE FERGUSON GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD AND LIAISON COUNSEL AND APPOINTMENT OF INTERIM CLASS COUNSEL

---

I, Peter T. Sauter, declare as follows:

1.     I am a member of the proposed Ferguson Group and submit this Declaration in support of the Ferguson Group's Motion for Appointment as Lead Plaintiff, Approval of Lead and Liaison Counsel and Appointment of Interim Counsel. Except as otherwise stated, the facts herein are known to me of my own personal knowledge, and if called upon to do so I could and would testify competently thereto.

2.    Julian. Ferguson and I separately contacted Girard Gibbs about our Oppenheimer Core Bond Fund investments. I purchased Oppenheimer Core Bond Fund shares between January 2008 and February 2009 and suffered losses of $7,435.06.

3.    Mr. Ferguson and I were introduced to one another by Girard Gibbs. We decided to form the Ferguson Group because we both suffered losses from investing in the Oppenheimer Core Bond Fund and share common views of the goals and management of the litigation.

4.    On June 17, 2009, Mr. Ferguson and I met by phone with counsel to discuss joint prosecution of the claims in this case. We established procedures for regularly communicating with each other. We will require regular progress reports about the litigation from counsel. We also intend to hold periodic conferences with counsel to be apprised of case developments and to provide direction to counsel on matters of importance to the litigation. We are both committed to making significant strategic decisions by consensus. I am confident that we will be able to resolve any differences that may arise during the course of the litigation.

5.    I am a retired teacher. During my career I taught seventh and eighth grade math and was a basketball coach.

6.    Before selecting Girard Gibbs, Mr. Ferguson and I independently evaluated the law firm's experience. I am aware that the Group and I may select any counsel and that we were not and are not compelled to recommend Girard Gibbs as Plaintiffs' Lead Counsel. By submitting this Declaration, I am personally ratifying Girard Gibbs as my choice for that role in this litigation.

7.    I understand that serving as Lead Plaintiff entails certain responsibilities and obligations, including fairly and adequately representing the interests of the Class by vigorously prosecuting this case. If the Ferguson Group is appointed by the Court, I will, among other

2

things, review pleadings and motion papers received from counsel, stay apprised of the progress of the litigation, participate in the discovery process by producing documents, answering interrogatories and giving deposition testimony, and provide input into significant litigation strategies and decisions, including decisions relating to settlement.

8.     I believe the Group will remain well-informed throughout this litigation and will exercise general control of the litigation itself and will not be controlled or unduly influenced by legal counsel. Mr. Ferguson and I have therefore authorized Girard Gibbs to ask the Court to appoint us as Lead Plaintiff as a group that will work together to supervise the work of our counsel in prosecuting this case. We ask that the Court approve our selection of Girard Gibbs as Plaintiffs' Lead Counsel.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing it true and correct.

Executed this _18th_ day of June 2009 in _New York_ , _NY_ .
                                            (City)          (State)


                                          _Peter T. Sauter_
                                           Peter T. Sauter

3

Exhibit G

## ANALYSIS OF THE FERGUSON GROUP'S PURCHASES AND SALES OF OPIGX

| PLAINTIFF | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | ESTIMATED LOSSES |
|---|---|---|---|---|---|---|---|---|---|
| | DATE | SHARES | SHARE COST | PURCHASE AMOUNT | DATE | SHARES | SHARE PRICE | SALES AMOUNT | |
| Julian Ferguson | 3/11/08 | 2,765.664 | $9.34 | $25,831.30 | 3/10/09 | 2,967.199 | $5.17 | $15,340.42 | |
| | 3/31/08 | 8.543 | $9.73 | $83.12 | | | | | |
| | 4/30/08 | 12.645 | $9.98 | $126.20 | | | | | |
| | 5/30/08 | 14.075 | $10.01 | $140.89 | | | | | |
| | 6/30/08 | 13.667 | $9.77 | $133.53 | | | | | |
| | 7/31/08 | 15.874 | $9.46 | $150.17 | | | | | |
| | 8/29/08 | 16.358 | $9.28 | $151.80 | | | | | |
| | 9/30/08 | 14.726 | $8.48 | $124.88 | | | | | |
| | 10/31/08 | 19.898 | $7.38 | $146.85 | | | | | |
| | 11/28/08 | 20.605 | $5.92 | $121.98 | | | | | |
| | 12/30/08 | 20.192 | $6.13 | $123.78 | | | | | |
| | 1/30/09 | 22.005 | $5.79 | $127.41 | | | | | |
| | 2/27/09 | 22.947 | $5.33 | $122.31 | | | | | |
| | | 2,967.199 | | $27,384.22 | | 2,967.199 | | $15,340.42 | $12,043.80 |
| Peter T. Sauter | 1/29/08 | 2,512.101 | $10.14 | $25,472.70 | 4/14/08 | 12.624 | $9.77 | $123.34 | |
| | 1/31/08 | 0.631 | $10.15 | $6.40 | 6/12/08 | 889.976 | $9.86 | $8,775.16 | |
| | 2/29/08 | 11.279 | $9.82 | $110.76 | 7/15/08 | 8.385 | $9.71 | $81.42 | |
| | 3/31/08 | 11.262 | $9.73 | $109.58 | 10/15/08 | 9.370 | $7.63 | $71.49 | |
| | 4/30/08 | 11.526 | $9.98 | $115.03 | 1/15/09 | 8.703 | $6.02 | $52.39 | |
| | 5/30/08 | 12.799 | $10.01 | $128.12 | 1/23/09 | 1,703.523 | $5.83 | $9,931.54 | |
| | 6/30/08 | 9.702 | $9.77 | $94.79 | 2/5/09 | 9.739 | $5.68 | $55.32 | |
| | 7/31/08 | 9.374 | $9.46 | $88.68 | 3/5/09 | 0.008 | $5.23 | $0.04 | |
| | 8/29/08 | 9.636 | $9.28 | $89.42 | | | | | |
| | 9/30/08 | 8.675 | $8.48 | $73.56 | | | | | |
| | 10/31/08 | 11.692 | $7.38 | $86.29 | | | | | |
| | 11/28/08 | 12.069 | $5.92 | $71.45 | | | | | |
| | 12/30/08 | 11.835 | $6.13 | $72.55 | | | | | |
| | 1/30/09 | 9.739 | $5.79 | $56.39 | | | | | |
| | 2/27/09 | 0.008 | $5.33 | $0.04 | | | | | |
| | | 2,642.328 | | $26,575.76 | | 2,642.328 | | $19,090.70 | $7,485.06 |
| GROUP TOTAL | | 5,609.527 | | $53,959.98 | | 5,609.527 | | $34,431.12 | $19,528.86 |

As all shares purchased during the class period were sold before the date of filing of the initial action, losses are calculated as the difference between the purchase price and the sale price.

Exhibit H

# GIRARD GIBBS LLP

Attorneys at Law

601 California Street, 14th Floor
San Francisco, CA 94108-2819
Tel: 415.981.4800 | Fax: 415.981.4846
www.girardgibbs.com

711 Third Avenue, 20th Floor
New York, NY 10017-4036
Tel: 212.867.1712
Fax: 212.867.1767

## FIRM RESUME

Girard Gibbs LLP specializes in representing individual and institutional investors in securities and derivative litigation and has advised some of the largest institutional investors in the United States. Founded in 1995, the firm represents clients throughout the United States in securities, antitrust, product liability, and consumer protection actions. Girard Gibbs is currently prosecuting securities actions on behalf of Allianz of America, Inc., Fireman's Fund Insurance Company, Jefferson Life Insurance Company, Preferred Life Insurance Company, AGF Asset Management, Cornhill Life Insurance Company and Merchant Investors Insurance Company Ltd. The firm has represented the Kansas Public Employees Retirement System (KPERS) in several securities actions and currently serves as outside counsel to KPERS with respect to all securities litigation. Girard Gibbs has also served as outside counsel to the California Public Employees Retirement System (CalPERS), the California State Teachers' Retirement System (CalSTRS), the State of Wisconsin Investment Board, the Louisiana Teachers' Retirement System, the Louisiana State Employees Retirement System, and the Los Angeles County Employees Retirement Association.

The firm's partners are experienced in all aspects of class action practice and complex securities and business litigation. Girard Gibbs seeks to apply its experience as plaintiffs' attorneys to manage and resolve civil litigation effectively and efficiently on behalf of all the firm's clients. The firm also provides consulting and preventive counseling services to corporate clients and professionals on a variety of legal issues.

## PARTNERS

**Daniel C. Girard** serves as the firm's managing partner and coordinates the prosecution of various securities, antitrust and consumer legal matters handled by the firm.

He has successfully prosecuted over 75 class action matters and served in leadership positions in a number of precedent-setting cases. Some of the cases in which Mr. Girard served as lead counsel include In re American Express Financial Advisors Securities Litigation, ($100 million settlement), In re Prison Realty Securities Litigation, ($104 million settlement), In re i2 Technologies Securities Litigation, ($88 million settlement), and In re MCI Non-Subscriber Rates Litigation, ($90 million). He served as a member of the Executive Committee in the Natural Gas Antitrust Cases I, II, III and IV, antitrust litigation against numerous natural gas companies for manipulating the market for natural gas in California. The Natural Gas litigation resulted in total settlements of nearly $160 million. Mr. Girard also represented the California State Teachers Retirement System in litigation in a non-class securities action against Qwest Communications, Inc. and outside auditor Arthur Andersen, resulting in a recovery of $45 million for CalSTRS.

1

Mr. Girard currently serves as lead counsel in the <u>In re Royal Bank of Scotland Group plc Securities Litigation</u>, representing investors who held the company's Non-cumulative Dollar Preference Shares (preferred share group). He also serves as lead counsel in the <u>In re SLM Corporation Securities Litigation,</u> representing purchasers of SLM Corp. stock (commonly known as Sallie Mae). He is a member of the executive committee charged with managing <u>In re Lehman Brothers Holdings Securities and ERISA Litigation,</u> multidistrict proceedings arising out of the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in United States history. Mr. Girard serves as lead counsel in actions brought against UBS, Bank of America, Merrill Lynch, Wachovia and others on behalf of purchasers of auction rate securities. He represents Nashville country music publisher Cal IV Entertainment LLC in copyright litigation against YouTube and Google, Inc. He also represents Allianz of America, Inc., Fireman's Fund and other private institutional investors in litigation arising out of their investments in Winstar Communications, Inc., and serves as lead counsel in the <u>H&R Block Express IRA Litigation</u>. Mr. Girard also advises institutional investors in the United States and Europe on securities litigation matters.

Mr. Girard is a member of United States Judicial Conference Advisory Committee on Civil Rules, and participated in the development of the electronic discovery amendments to the Federal Rules of Civil Procedure. He is a member of the American Law Institute. He serves on the Advisory Board of the Institute for the Advancement of the American Legal System, a national, non-partisan organization dedicated to improving the process and culture of the civil justice system.

Mr. Girard is a member of the Business Law Section and currently serves as Section's representative on the Task Force on Federal Preemption. He is past Chair of the American Bar Association Business Law Section Subcommittee on Class Actions, Co-Chair of the Business and Corporate Litigation Committee's Task Force on Litigation Reform and Rule Revision, and Vice-Chair of the Business and Corporate Litigation Committee. He has served as a guest lecturer on class actions and complex litigation at the UC Davis Law School, UC Berkeley (Boalt Hall), UC Hastings College of the Law, and Stanford Law School.

Mr. Girard was honored as a *Northern California Super Lawyer* in 2007 and 2008 by Law & Politics Magazine, where he was recognized in the top 5-percent of attorneys practicing in Northern California. He served as a member of the Board of Trustees of St. Matthew's Episcopal Day School in San Mateo, California from 2003-2008, including three years as board chair from 2005-2008. He has been a volunteer conservation easement monitor for the Peninsula Open Space Trust since 1991.

He is a 1984 graduate of the School of Law, University of California at Davis, where he served as an editor of the Law Review. He received his undergraduate degree from Cornell University in 1979. Mr. Girard is a member of the California Bar.

2

**Eric H. Gibbs** specializes in the prosecution of consumer and employment class actions. Mr. Gibbs has served as court-appointed lead counsel, class counsel and liaison counsel in numerous class actions throughout the United States.

He has successfully prosecuted over 50 class action matters, including cases involving defective products, telecommunications, credit cards, unfair competition, false advertising, truth-in-lending, product liability, credit repair, employment misclassification and wage and hour under both state and federal law. Some of the cases in which Mr. Gibbs served as court appointed class counsel and achieved favorable results for class members include In Re General Motors Dex-Cool Cases (negotiated cash reimbursements from $50 to $800 per class member vehicle repair), Piercy v. NetZero (achieved nationwide class settlement providing cash reimbursements, and changes in billing and account practices), Bacca v. BMW of North America (negotiated reimbursement for sub-frame repair expenses and Nationwide Sub-frame Inspection and Repair Program – Court approval pending), In Re Ipod Cases (achieved settlement in California state-court class action alleging material misrepresentations respect to the battery life providing for warranty extensions, battery replacements, cash payments, and store credits to those class members who experienced a battery failure), Roy v. Hyundai Motor America (negotiated nationwide class settlement providing for the repair of allegedly defective passenger-side airbags, reimbursement for transportation related expenses, and an alternative dispute resolution program allowing for trade-ins and buy-backs), Paul v. HCI Direct (achieved nationwide class certification and settlement on behalf of consumers charged for merchandise they allegedly did not knowingly order), Kim v. BMW of North America (negotiated nationwide class settlement providing for notification program and free vehicle repair related to passenger-side airbags).

Other consumer class actions in which Mr. Gibbs acted in a leadership role include Mitchell v. American Fair Credit Association and Mitchell v. Bankfirst, N.A., which generated one of the largest settlements in the United States under the credit services laws (over $40 million); Providian Credit Card Cases, which resulted in one of the largest class action recoveries in the United States arising out of consumer credit card litigation ($105 million); In re LookSmart Litigation, a nationwide class action settlement providing cash and benefits valued at approximately $20 million; and Fantauzzo v. Razor, where plaintiffs alleged that defendant marketed and sold electric scooters with defective stopping mechanisms, the court approved a nationwide class action settlement providing for, among other things, a recall of the potentially defective electric scooters.

Mr. Gibbs currently serves as lead counsel in Parkinson v. Hyundai Motor America, a class action lawsuit against Hyundai for engaging in unfair and deceptive practices by selling vehicles with defective flywheel systems, recently granted class certification. He also represents vehicle owners in In Re Mercedes-Benz Tele Aid Contract Litigation, multi-district litigation alleging that Mercedes-Benz failed to disclose to its customers that the "Tele Aid" equipment installed in their vehicles would soon be obsolete and require a $1,000 replacement to keep working.

Mr. Gibbs has lectured on consumer class actions, including as a featured speaker addressing "Dealing With Objectors" at the Consumer Attorneys of California 3rd Annual

Class Action Seminar; "What is a Class Action?" at the CAOC Annual Ski Seminar; "After the Class Action Fairness Act" at CAOC's 1st Annual Class Action Seminar; "Class Certification In Consumer Cases" for the Litigation Section of the Barristers Club of the San Francisco Bar Association; and "Successfully Obtaining Attorneys' Fees Under Fee-Shifting Statutes" for the Consumer Rights Section of the Barristers Club of the San Francisco Bar Association. Mr. Gibbs is the co-author of "Consumer Class Actions in the Wake of Daugherty v. American Honda Motor Company," CAOC's Forum Magazine, January/February 2009.

Mr. Gibbs is a member of the American Bar Association, the American Association of Justice, the National Association of Consumer Advocates, the Consumer Attorneys of California, the Alameda County Bar Association, and the San Francisco Trial Lawyers Association. He serves in a leadership capacity in both the AAJ and CAOC, developing policy and information concerning objectors to class action settlements; he is also the editor of the AAJ's Class Action Working Group newsletter.

Mr. Gibbs is a 1995 graduate of the Seattle University School of Law. He received his undergraduate degree from San Francisco State University in 1991. Before joining Girard Gibbs, he worked for two years as a law clerk for the Consumer Protection Division of the Washington Attorney General's Office. He is a member of the California Bar.

**A. J. De Bartolomeo** has eighteen years experience in complex litigation, including the prosecution and defense of class actions arising under the securities, communications, consumer protection and copyright laws, and experience in the collection of class action recoveries and claims administration in bankruptcy proceedings. Ms. De Bartolomeo has served as court-appointed lead counsel and class counsel in several class actions throughout the United States.

Ms. De Bartolomeo served as Lead Counsel in Telstar v. MCI, Inc. (S.D.N.Y) (achieved settlement for over $2.8 million in cash on behalf of class of commercial subscribers alleging FCA violations), Lehman v. Blue Shield (Cal. Super. Ct. San Francisco County) (parties negotiated a settlement for over $6.5 million in cash on behalf of class of subscribers overpaying insurance premiums), Powers Law Offices v. Cable & Wireless, USA (D. Mass.) (Bankr. D. Del.) (achieved settlement for over $2.2 million in cash after Chapter 7 filing on behalf of Rule 23(b)(3) certified class of commercial customers alleging FCA violations), and In re Cosmo Store Services, (Bankr. C.D. Cal.) (achieved settlement for $1 million in cash after Chapter 11 filing on behalf of class of unsecured creditor employees). Ms. De Bartolomeo has also held a Leadership position in In re American Express Advisors Securities Litigation (S.D.N.Y), CALSTRS v. Quest Communications, et al. (Cal. Super. Ct. San Francisco County), Cromwell v. Sprint Communications (D. Kan), and Brennan v. AT&T Corp. (S.D. Ill.). Ms. De Bartolomeo served as second chair in In re MCI Non-Subscriber Rates Litigation (MDL, S.D. Ill.) ($100 million settlement).

Ms. De Bartolomeo currently acts as Co-Lead counsel in In re Electronic Database Copyright Litigation, (MDL, S.D.N.Y) (now pending before the United States Supreme Court), and In re Girls Gone Wild Litigation (Los Angeles Super. Ct.) (settlement pending).

She is a member of the American Bar Association Sections on Litigation, Business Law and Communications, the American Bankruptcy Institute, and the American Association for Justice. She also is also a former member of the National Association of Public Pension

Attorneys, where she was an active participant in the Task Force on Securities Litigation and Damage Calculation, as well as a member of the Council of Institutional Investors.

Ms. De Bartolomeo is a 1988 graduate of the University of California, Hastings College of the Law. She received her undergraduate degree from Fairfield University in 1982, and a General Course degree in Economics from the University of London, London School of Economics and Political Science (1981). Ms. De Bartolomeo has been invited to speak on consumer and securities class actions, as well as the settlement approval process before defense law firms, institutional investors and government committees; most recently, for the Fact-finding Mission to Class Actions in the United States, sponsored by the Japan Federation of Bar Associations and Kyoto Bar Association. Before joining Girard Gibbs, Ms. De Bartolomeo was an associate with Robins Kaplan Miller & Ciresi and a Staff Attorney with the Securities and Exchange Commission (Enforcement Division). She is admitted to the California Bar. She also is admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the First and Ninth Circuits, and the United States District Courts for the District of Michigan, the Southern District of Texas, and the Northern, Eastern, Central and Southern Districts of California.

**Jonathan K. Levine** has more than 20 years of experience prosecuting complex securities fraud, accounting fraud and class action litigation. He has served and is serving in a leadership capacity in numerous complex class actions in federal courts throughout the United States and in state courts in California. Mr. Levine has prosecuted over 20 securities fraud actions successfully, including cases of complex accounting fraud. Some of the cases in which Mr. Levine served in a leadership role include In re American Express Financial Advisors Securities Litigation ($100 million settlement), Rosen v. Macromedia, Inc. ($48 million settlement), In re Gupta Corporation Securities Litigation ($15 million settlement), Provenz v. Miller ($15 million settlement), and Providian Credit Card Cases, where as co-lead counsel he obtained a class action settlement of $105 million, one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

Mr. Levine currently leads the firm's pre-trial preparation in securities litigation on behalf of Allianz of America, Inc., Fireman's Fund and other large private institutional investors against Grant Thornton LLP arising out of their investments in Winstar Communications, Inc. He also leads the pretrial preparation in the In re SLM Securities Litigation. He represents purchasers of auction rate securities in actions against a number of investment banks and broker-dealers, and structured note holders in the In re Lehman Brothers Equity/Debt Securities Litigation. Mr. Levine serves as co-lead counsel in In re Nvidia Corp. Securities Litigation, and in an action against Wyndham Resort Development Corp. on behalf of members of WorldMark, a time-share club. He also has had a leadership role in two significant date security breach cases, In re Countrywide Financial Corp. Customer Data Security Breach Litigation and Beringer v. Certegy Check Services, Inc.

Mr. Levine is the author of "E-Mail and Voice Mail Discovery Issues," Glasser LegalWorks (1998), "Discovery Techniques in Commercial Litigation and Recent Developments In the Rules of Discovery," American Trial Lawyers Association (1991), and the co-author of "The Business Judgment Rule and Derivative Actions," Practicing Law Institute (1989). He has lectured on securities litigation under the Private Securities Litigation

Reform Act of 1995, consumer fraud and predatory lending litigation, and computer discovery and electronic data retention risk control.  Mr. Levine is a member of the Committee on Federal Courts of the State Bar of California.  He is the past chair of the American Bar Association Litigation Section Subcommittee on Officers and Directors Liability.  He also currently serves on the Piedmont Planning Commission.

For nine years prior to joining Girard Gibbs, Mr. Levine was a partner of a New York law firm, where he specialized in securities fraud, accounting fraud and consumer class action litigation.  Mr. Levine is a 1988 graduate of Fordham University School of Law.  He received his undergraduate degree from Columbia University in 1985.  Mr. Levine is a member of the California, New York and Connecticut Bars, and is admitted to practice in federal courts throughout the United States.

**Elizabeth C. Pritzker** is a seasoned litigation and trial attorney with broad experience in complex litigation matters, including the prosecution of consumer, product liability, and securities class actions.

Ms. Pritzker's consumer and product liability experience extends to new and emerging technologies.  She served as lead counsel in In Re General Motors Cases, JCCP No. 4396, a certified state court class action against General Motors alleging violations of California's "Secret Warranty" law, which has been granted preliminary approval by the Court, as co-lead counsel in a multi-district class action alleging that SONY BMG Music Entertainment had violated the Computer Fraud and Abuse Act by placing digital rights management software on music CDs distributed to the public (In re SONY BMG Technologies Litigation, S.D.N.Y. Case No. 1:05-cv-09575 (NRB)), and as co-lead counsel in a California state-court class action against Apple, Inc., alleging that Apple had made material misrepresentations and omissions with respect to the battery life of its early-generation iPod music players (In Re iPod Cases, J.C.C.P. No. 4335).

Ms. Pritzker currently serves as Liaison Counsel for the Direct Purchaser Plaintiffs in In Re TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1897, N.D.Cal. Master File No. C-07-1827-SI (multi-district class action alleging price-fixing by foreign and domestic manufacturers of Thin Film Transistor Liquid Crystal Display (TFT-LCD) products).  She also took an ongoing and active role in several complex litigation matters, including: In Re Natural Gas Antitrust Cases I, II, III and IV, J.C.C.P. No. 4221 (coordinated antitrust class action litigation against numerous natural gas companies for manipulating the market for natural gas in California which achieved settlements of $160 million); and Nordberg v. Trilegiant Corporation et al., N.D. Cal. Case No. C-05-3246 (MHP) (federal class action alleging that Trilegiant's practice of placing consumers into the company's membership service programs, and billing them for "membership fees," without consumers' valid authorization violates federal and state consumer laws).

Ms. Pritzker is a 1989 graduate of the University of San Francisco School of Law.  She received her undergraduate degree in Economics from McGill University in 1983. Ms. Pritzker is admitted to the California Bar.

**Aaron M. Sheanin** has extensive experience in complex litigation matters, including the prosecution of securities fraud and corporate governance cases on behalf of individual and institutional investors, as well as antitrust and complex consumer actions. He also advises several state pension funds and private institutional investors with respect to securities matters. Mr. Sheanin is one of the lead attorneys prosecuting several class actions against UBS, Merrill Lynch, Bank of America, Wachovia, Deutsche Bank and other brokers, arising out of the manipulation of the $330 billion market for auction rate securities. He serves as co-lead counsel in In re Nvidia Corp. Securities Litigation. He recently served as lead counsel in Brennan v. AT&T Corp., a nationwide class action challenging AT&T's practice of assessing long distance telephone service charges to non-customers, as lead counsel in Rasnake v. NetZero, Inc., a nationwide class action challenging NetZero's practice of billing customers after cancellation of their internet service, and as co-chair of the Discovery Committee in Natural Gas Antitrust Cases I, II, III and IV, antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which achieved settlements in excess of $160 million.

Mr. Sheanin is a 1999 graduate of Columbia University School of Law, where he was a James Kent Scholar and a Harlan Fiske Stone Scholar. He received his undergraduate degree from the University of California at Berkeley in 1993, where he was elected to Phi Beta Kappa. Mr. Sheanin is a member of the American Bar Association and the San Francisco Bar Association. He has presented before the American Bar Association's Task Force on Contingent Fees (Tort Trial and Insurance Practice Section), and is a contributing author to "California Class Actions Practice and Procedure" (Matthew Bender, 1st Ed. 2003). From 1999 to 2001, Mr. Sheanin was a Pro Se law clerk for the United States Court of Appeals for the Second Circuit. Prior to joining Girard Gibbs, Mr. Sheanin was an associate with Lieff, Cabraser, Heimann & Bernstein LLP, where he had extensive experience prosecuting class action cases involving consumer protection, product defect and employment discrimination. In the summer of 1997, he was a judicial extern to the Honorable Barrington D. Parker, Jr. of the United States District Court, Southern District of New York. He is admitted to the California, New York and New Jersey Bars.

**Amanda M. Steiner** is a 1997 graduate of the University of California at Berkeley, Boalt Hall School of Law, where she served as an Associate Editor for the *Berkeley Journal of Employment and Labor Law* (1995-96) and Articles Editor for the *Berkeley Women's Law Journal* (1994-97). She received her undergraduate degree, *cum laude*, from Carleton College in 1991. Prior to joining Girard Gibbs, Ms. Steiner practiced at Wendel, Rosen, Black & Dean, LLP in Oakland, CA, where she handled a variety of complex litigation matters, including real estate development, construction issues, commercial and real estate contracts, mortgages and trust deeds, and lender-related disputes.

Prior to joining Wendel Rosen, Ms. Steiner was associated with law firms in San Francisco and Seattle, where she represented plaintiffs in all phases of class action litigation, with a particular focus on consumer protection, defective product and employment matters. Prior to obtaining her law degree, Ms. Steiner served as an extern for U.S. District Court Judge Marilyn Hall Patel, and also worked as a law clerk for the Criminal Division of the U.S. Attorney's Office, the Alameda County District Attorney, and the Hopi Appellate Court Clinic

and Tribal Law Project. She is admitted to the California and Washington Bars. She is also admitted to practice before the United States Court of Appeals for the Ninth Circuit as well as the United States District Court for the Northern District of California and the Western and Eastern District of Washington.

## ASSOCIATES

**Christina Connolly Sharp** is a 2006 graduate, *cum laude*, of the University of California, Hastings College of Law, where she was a member of the Thurston Society and was the recipient of the Best Oral Advocate Award. She was also the recipient of the Witkin award in her Legal Writing and Criminal Law courses. She received her undergraduate degree in history, *magna cum laude*, from Brown University in 1997. Ms. Sharp was a summer 2005 extern for the Honorable Phyllis J. Hamilton of the United States District Court, Northern District of California. Ms. Sharp also served as a spring 2005 extern for the Honorable John E. Munter, San Francisco Superior Court. She is a member of the American Bar Association, the Bar Association of the San Francisco and the San Francisco Trial Lawyers Association. Ms. Sharp is admitted to the California Bar. She is also admitted to practice before the United States District Courts for the Northern, Central, Eastern and Southern Districts of California.

**Todd Espinosa** is a 2000 graduate of Harvard Law School, where he participated in the Harvard Legal Aid Bureau and Tenant Advocacy Project. He received his undergraduate degree from Harvard College in 1997 and a Master of City Planning degree from University of California at Berkeley in 2006. Before joining Girard Gibbs, Mr. Espinosa was a law clerk for the Honorable Claudia Wilken, United States District Court for the Northern District of California. He also worked as a legal research attorney for the Superior Court of California, County of Santa Clara. Mr. Espinosa is admitted to the California Bar. He is also admitted to practice before the United States District Court for the Central District of California.

**Matthew B. George** is a 2005 graduate of the University of Michigan Law School. He received his undergraduate degree in political science and criminal justice, *magna cum laude*, from Chapman University in 2002, where he was a Presidential Scholar. Before joining Girard Gibbs, Mr. George was an associate with Rains Lucia Stern, P.C., where he successfully litigated a number of complex labor and employment actions on behalf of employees in both federal and California state courts. Mr. George is admitted to the California Bar, as well as the United States District Court for the Northern, Central, and Eastern Districts of California and the District of Colorado.

**Dylan Hughes** is a 2000 graduate of the University of California, Hastings College of Law. He received his undergraduate degree from the University of California at Berkeley in 1995. Mr. Hughes was a spring 2000 extern for the Honorable Charles A. Legge of the United States District Court, Northern District of California. Before joining Girard Gibbs, he was a law clerk for the Honorable Paul A. Mapes, Administrative Law Judge of the Office of Administrative Law Judges, United States Department of Labor. Mr. Hughes is a member of the American Bar Association and the Consumer Rights Section of the Barristers Club. He is admitted to the California Bar. He also is admitted to practice before the United States Court

of Appeals for the Ninth Circuit, as well as the United States District Courts for the Northern, Central, Eastern and Southern Districts of California.

**Geoffrey A. Munroe** is a 2003 graduate of the University of California at Berkeley, Boalt Hall School of Law, where he was the recipient of the American Jurisprudence Award in Torts, Business Law & Policy and Computer Law. In addition, he served as a member of the submissions team for the *Berkeley Technology Law Journal* (2000-01) and was involved in Moot Court and Appellate Advocacy. He received his undergraduate degree in chemistry from the University of California at Berkeley in 2000. Before joining Girard Gibbs, Mr. Munroe was an associate with Samuel E. Goldstein & Associates from 2003 to 2007, where he handled a variety of appellate and complex litigation matters, including commercial law, real property and lender-related disputes. He is admitted to the California Bar. He is also admitted to practice before the United States Court of Appeals for the Ninth Circuit, as well as the United States District Courts for the Northern, Central and Southern Districts of California.

**Regina A. Sandler** is a 2003 graduate of the University of California, Hastings College of Law, where she was a Public Interest Law Scholar. She received her undergraduate degree in political science, *with distinction in general scholarship*, from the University of California at Berkeley in 2000. Before joining Girard Gibbs, Ms. Sandler was an associate with Coughlin Stoia Geller Rudman & Robbins LLP, specializing in the litigation of a wide range of complex securities matters. Ms. Sandler was member of core group lawyers who prosecuted the In re Enron Corp. Securities Litigation and In re Dynegy Inc. Securities Litigation leading to $7.3 billion and $468 million respectively in settlements. She also successfully prosecuted securities claims in In re Forest Laboratories Inc. Securities Litigation and In re PETCO Corp. Securities Litigation, recovering $65 million and $20 million for investors. Ms. Sandler is a member of the Federal Bar Association, Los Angeles Bar Association, American Association for Justice, Consumer Attorneys of California, American Business Trial Lawyers Association and UC Berkeley Alumni Association. She is admitted to the California Bar. She is also admitted to practice before the United States Court of Appeals for the Ninth Circuit, as well as the United States District Courts for the Central and Southern Districts of California.

## SIGNIFICANT RECOVERIES

Some of the cases in which the firm has had a leadership role are described below:

*In re American Express Financial Advisors Securities Litigation,* Case No. 04-cv-01773-DAB (S.D.N.Y.). Girard Gibbs served as co-lead counsel in this class action, brought on behalf of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors. The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits. On July 13, 2007, the Court granted final approval to a cash settlement of $100 million in addition to other relief.

*Scheiner v. i2 Technologies, Inc., et al.*, Case No. 3:01-CV-418-H (N.D. Tex.). Girard Gibbs represented lead plaintiff, the Kansas Public Employees Retirement System, and served as co-lead counsel in this securities fraud class action on behalf of investors in i2

Technologies. The Hon. Barefoot Sanders approved cash settlements for $88 million from the company, its officers and its former auditor, Arthur Andersen LLP. As part of the settlement, i2 agreed to institute significant corporate governance reforms.

***CalSTRS v. Qwest Communications, et al.,*** Case No. 415546 (Cal. Super. Ct. San Francisco County). Girard Gibbs represented the California State Teachers Retirement System in this opt-out securities fraud case against Qwest Communications, Inc. and certain of its officers and directors, as well as its outside auditor Arthur Andersen. The case resulted in a precedent-setting $45 million settlement for California school teachers.

***In re Winstar Communications Securities Litigation,*** Case No. 01 Civ. 11522 (S.D.N.Y) Girard Gibbs represents Allianz of America, Inc., Fireman's Fund and other large private institutional investors in federal securities litigation against Grant Thornton and other defendants arising out of their investments in Winstar Communications, Inc. The firm has obtained settlements to date from Lucent Technologies and the individual officers and directors of Winstar, and is continuing to prosecute the case against Grant Thornton, outside auditor to Winstar.

***In re Prison Realty Securities Litigation,*** Case No. 3:99-0452 (M.D. Tenn.). Girard Gibbs served as co-lead counsel in this securities class action brought on behalf of investors against a real estate investment trust and its officers and directors, following defendants' alleged false statements made in the context of a merger between Corrections Corporation of America and CCA Prison Realty Trust and subsequent operation of the merged entity. On February 13, 2001, the Court granted final approval to a settlement for over $104 million in cash and stock.

***In re Digex, Inc. Shareholder Litigation,*** Consol. Case No. 18336 (Del. Ch. Ct. 2000). Girard Gibbs represented the Kansas Public Employees Retirement System, one of two institutional lead plaintiffs in this lawsuit whereby minority shareholders of Digex, Inc. sued to enjoin MCI WorldCom's planned acquisition of a controlling interest in Digex through a merger with Intermedia Communications, Inc., the majority shareholder. In a settlement approved by Delaware Chancery Court on April 6, 2000, a fund consisting of $165 million in MCI WorldCom stock and $15 million in cash was secured for Digex shareholders, as well as non-cash benefits valued at $450 million.

***In re Oxford Tax Exempt Fund Securities Litigation,*** Case No. WMN-95-3643 (D. Md.). Girard Gibbs served as co-lead counsel in this class and derivative litigation brought on behalf of a real estate limited partnership with assets of over $200 million. Settlement providing for exempt issuance of securities under section 3(a)(10) of Securities Act of 1933, public listing of units, and additional settlement benefits valued at over $10 million approved January 31, 1997.

***Calliott v. HFS, Inc.,*** Case No. 3:97-CV-0924-L (N.D. Tex.). Girard Gibbs intervened on behalf of an institutional client in this securities class action arising out of bankruptcy of Amre, Inc., a seller of home remodeling and repair services. Girard Gibbs was designated lead plaintiff's counsel under Private Securities Litigation Reform Act. Settlements for $7.3 million were approved August 1999 and December 2000.

*In re Total Renal Care Securities Litigation*, Case No. 99-01750 (C.D. Cal.). This securities fraud action arose out of restatement of earnings by healthcare provider, brought under the PSLRA by the Louisiana Teachers' Retirement System and the Louisiana School Employees Retirement System. Settled for $25 million and issuer's commitment to adopt comprehensive corporate governance reforms. Girard Gibbs served as liaison counsel.

*In re Towers Financial Corporation Noteholders Litigation*, MDL No. 994 (S.D.N.Y.). This securities and RICO class action was brought against promoters and professionals associated with failed investment scheme described by United States Securities and Exchange Commission as "largest Ponzi scheme in U.S. history." $6 million in partial settlements. $250 million judgment entered against four senior Towers executives. Girard Gibbs served as liaison counsel and as a plaintiffs' executive committee member. See Dinsmore v. Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, 945 F. Supp. 84 (S.D.N.Y.1996), rev'd, No. 97-7011, 1998 U.S. App. LEXIS 1448 (2d Cir. Jan. 28, 1998); In re Towers Financial Corporation Noteholders Litigation, 177 F.R.D. 167 (S.D.N.Y. 1997) ("class counsel--particularly Plaintiffs' Liaison counsel, Daniel Girard--has represented the plaintiffs diligently and ably in the several years that this litigation has been before me").

*In re Natural Gas Antitrust Cases I, II, III and IV*, J.C.C.P. No. 4221 (Cal. Super. Ct. San Diego County). Girard Gibbs served in a leadership capacity in this coordinated antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which achieved settlements of nearly $160 million.

*In Re General Motors Dex-Cool Cases.* Case No. HG03093843 (Cal. Super Ct. Alameda County). In these class action lawsuits filed throughout the country, plaintiffs alleged that General Motors' Dex-Cool engine coolant caused damage to certain vehicles' engines, and that in certain other vehicles, Dex-Cool formed a rusty sludge, which caused the vehicles' cooling systems to overheat. After successfully certifying consumer classes in both Missouri and California, General Motors agreed to pay cash reimbursements to class members ranging from $50 to $800. On October 27, 2008 the California court granted final approval to the cash settlement.

*In re Providian Credit Card Cases*, J.C.C.P. No. 4085 (Cal. Super. Ct. San Francisco County). Girard Gibbs served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of Providian credit card holders. The lawsuit alleged that Providian engaged in unlawful, unfair and fraudulent business practices by charging its customers unauthorized fees and charges. The Hon. Stuart Pollack approved a $105 million settlement, plus injunctive relief, which is one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

*In re iPod Cases*, JCCP No. 4355 (Cal. Super. Ct. San Mateo County). Girard Gibbs, as court appointed co-lead counsel, negotiated a settlement conservatively valued at approximately $15 million which provided warranty extensions, battery replacements, cash payments, and store credits for those class members who experienced a battery failure. In granting final approval of the settlement, the Hon. Beth L. Freeman said that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

*In re Sony BMG CD Technologies Litigation*, Case No. 1:05-cv-09575-NRB (S.D.N.Y.). Girard Gibbs served as co-lead counsel in this class action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* on behalf of millions of consumers who purchased SONY BMG music compact discs encoded with digital rights management ("DRM") software which limited CD functionality and acted as spyware on the users' computers. The Hon. Naomi Reice Buchwald granted approval to a settlement that provided for a nationwide recall of certain CDs, the dissemination of software utilities to remove the offending DRM, cash and other compensation for consumers, and injunctive relief governing SONY BMG's use of DRM.

*In re PayPal Litigation*, Case No. C-02-1227-JF (PVT) (N.D.Cal., S.J. Div. 2002). Girard Gibbs served as co-lead counsel in this nationwide class action brought against PayPal alleging violations of the Electronic Funds Transfer Act ("EFTA") and California consumer protection statutes. The plaintiffs alleged that PayPal did not comply with the EFTA when restricting access to consumers' PayPal accounts, initiating certain electronic funds transfers or its error resolution processes. On September 24, 2004, Judge Fogel granted final approval to a settlement valued at $14.35 million in cash and returned funds, plus injunctive relief to ensure compliance with the EFTA.

*In re Literary Works In Electronic Databases Copyright Litigation*, MDL No. 1379 (GBD) (S.D.N.Y. 2000). Girard Gibbs served as co-lead counsel in this class action brought on behalf of freelance authors alleging that after freelance authors' works were published in newspapers, magazines, and other print publications with the authors' permission, those publications then licensed the works without the authors' permission to the commercial databases for electronic publication, in violation of the Federal Copyright Act. Five cases were consolidated for pretrial proceedings before the Honorable George B. Daniels, U.S. District Judge for the Southern District of New York. On September 27, 2005, Judge Daniels granted final approval of an $18 million cash settlement.

*In re America Online Spin-Off Accounts Litigation*, MDL No. 04-1581-RSWL (C.D. Cal.). Girard Gibbs served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of America Online subscribers who were billed for a second account without their knowledge, authorization or consent. The litigation settled for $25 million and certain changes in AOL's billing and account practices.

*Lehman v. Blue Shield of California*, Case No. CGC-03-419349 (Cal. Super. Ct. San Francisco County). In this class action lawsuit alleging that Blue Shield engaged in unlawful, unfair and fraudulent business practices when it modified the risk tier structure of its individual and family health care plans, a $6.5 million settlement was negotiated on behalf of former and current Blue Shield subscribers residing in California. The Honorable James L. Warren granted final approval of the settlement in March 2006.

*Roy v. Hyundai Motor America*, Case No. SACV 05-483-AHS (C.D. Cal.). Girard Gibbs served as court appointed co-lead counsel in this nationwide class action suit brought on behalf of Hyundai Elantra owners and lessees, based on allegations that the passenger air bag system installed on the Elantras was defective. A settlement was negotiated whereby Hyundai agreed to repair the air bag systems, provide reimbursement for transportation related expenses and an alternative dispute resolution program allowing for trade-ins and buy-backs.

In approving the settlement negotiated by Girard Gibbs, the Honorable Alicemarie H. Stotler presiding, described the settlement as "pragmatic" and a "win-win" for all involved.

***Powers Law Offices, P.C. v. Cable & Wireless USA, Inc.,*** Case No. 99 CV 12007 (EFH) (D. Mass 1999). Class action brought on behalf of all Cable & Wireless subscribers who were overcharged for recurring and incorrect fees on lines that were not presubscribed to C&W at the time. Girard Gibbs prosecuted the case from 1999 through 2005, and on October 27, 2005, Judge Harrington granted final approval of the $8 million settlement and the Bankruptcy Judge approved the 30% distribution from the unsecured creditors' fund of the bankruptcy liquidation proceeds.

***Allen Lund Co., Inc. v. AT&T Corp.,*** Case No. C 98-1500-DDP (AJW) (C.D. Cal.). This class action lawsuit was brought on behalf of small businesses whose long-distance service was switched to Business Discount Plan, Inc. Girard Gibbs was appointed class counsel by the Honorable Dean D. Pregerson. The settlement, providing for full cash refunds and free long-distance telephone service, was approved in December 1999.

***In re MCI Non-Subscriber Telephone Rates Litigation,*** MDL Docket No. 1275 (S.D. Ill.). This class action lawsuit was brought on behalf of all MCI subscribers who were charged MCI's non-subscriber or "casual caller" rates and surcharges instead of the lower rates which MCI advertises and which subscribers expect to be charged. Ten cases were consolidated for pretrial proceedings before the Honorable David R. Herndon, U.S. District Judge for the Southern District of Illinois. Judge Herndon appointed Girard Gibbs as co-lead counsel for the consolidated actions. On March 29, 2001, Judge Herndon granted final approval of a settlement for over $90 million in cash.

***Mitchell v. American Fair Credit Association,*** Case No. 785811-2 (Cal. Super. Ct. Alameda County); ***Mitchell v. Bankfirst, N.A.,*** Case No. C-97-1421-MMC (N.D. Cal.). This class action lawsuit was brought on behalf of California residents who became members of the American Fair Credit Association ("AFCA"). Plaintiffs alleged that AFCA operated an illegal credit repair scheme. The Honorable James Richman certified the class and appointed the firm as class counsel on April 12, 1999. In February 2003, Judge Ronald Sabraw of the Alameda County Superior Court and Judge Maxine Chesney of the U.S. District Court for the Northern District of California granted final approval to settlements valued at over $40 million. *See Mitchell, et al., v. American Fair Credit Association, Inc., et al.,* 99 Cal. App. 4th 1345 (2002) (first reported decision under the California Credit Services Act of 1984).

***In re LookSmart Litigation,*** Case No. 02-407778 (Cal. Super. Ct. San Francisco County). This nationwide class action suit was brought against LookSmart, Ltd. on behalf of LookSmart's customers who paid an advertised "one time payment" to have their web sites listed in LookSmart's directory, only to be later charged additional payments to continue service. The action involved claims for breach of contract and violation of California's consumer protection laws, among other things. On October 31, 2003, the Honorable Ronald M. Quidachay granted final approval of a nationwide class action settlement providing cash and benefits valued at approximately $20 million.

*Steff v. United Online, Inc.*, Case No. BC265953, (Los Angeles Super. Ct.). This nationwide class action suit was brought against NetZero, Inc. and its parent, United Online, Inc., by former NetZero customers. The Plaintiffs alleged that Defendants falsely advertised their internet service as being unlimited and guaranteed for a specific period of time when it was not, in violation of Consumers Legal Remedies Act, Civil Code §§ 17500 et seq. and the Unfair Competition Law, Business And Professions Code §§ 17200 et seq. The Honorable Victoria G. Chaney of the Los Angeles Superior Court granted final approval of a settlement that provides full refunds to customers whose services were cancelled and additional cash compensation. The settlement also places restrictions on Defendants' advertising.

*Mackouse v. The Good Guys - California, Inc.*, Case No. 2002-049656, (Alameda County Super. Ct.). This nationwide class action lawsuit was brought against The Good Guys and its affiliates alleging violations of the Song-Beverley Warranty Act and other California consumer statutes. The Plaintiff alleged that The Good Guys failed to honor its service contracts, which were offered for sale to customers and designed to protect a customer's purchase after the manufacturer's warranty expired. In May 9, 2003, the Honorable Ronald M. Sabraw granted final approval of a settlement that provides cash refunds or services at the customer's election.

*Stoddard v. Advanta Corp.*, Case No. 97C-08-206-VAB (Del. Superior Ct.). This nationwide class action lawsuit was brought on behalf of cardholders who were promised a fixed APR for life in connection with balance transfers, whose APR was then raised pursuant to a notice of change in terms. The Honorable Vincent A. Bifferato approved a $7.25 million settlement and appointed firm as co-lead counsel for the settlement class.

*In re America Online, Inc. Version 5.0 Software Litigation*, MDL Docket No. 1341 (S.D. Fla.). Girard Gibbs served as co-lead counsel in this MDL proceeding, which centralized 45 class actions. The action involved alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., federal antitrust laws and state consumer protection statutes based on AOL's distribution of its Version 5.0 software upgrade. The Honorable Alan S. Gold granted final approval to a $15.5 million cash settlement on August 1, 2002.

*Mager v. First Bank of Marin*, CV-S-00-1524-PMP (D. Nev.). This nationwide class action was brought on behalf of people who were enrolled in First Bank of Marin's credit card program. In May 2002, the Judge Pro of the U.S. District Court for the District of Nevada approved a settlement providing for cash and non-cash benefits to class members.

*Ho v. San Francisco Unified School District*, Case No. C-94-2418-WHO (N.D. Cal.). This civil rights action was brought on behalf of a certified class of San Francisco public school students of Chinese descent to terminate racial and ethnic quotas imposed under 1983 desegregation consent decree. See Ho v. San Francisco Unified Sch. Dist., 965 F. Supp. 1316 (N.D. Cal. 1997), aff'd 147 F.3d 854 (9th Cir. 1998); see also 143 Cong. Rec. S6097, 6099 (1997) (statement of United States Senator Hatch referring to testimony of class representative before Senate Judiciary Committee).

*In re World War II Era POW Litigation*, Case No. C-99-5042-VRW (N.D. Cal.). This class action lawsuit was brought on behalf of American veterans who, as prisoners-of-war held by the Japanese during World War II, were forced to perform slave

14

labor for Japanese industry. Commenting on the Ninth Circuit decision affirming dismissal of the claims, Mr. Girard was quoted in the New York Times, "It's not unusual that you see a demand for payment that isn't legally enforceable. But the demand stands. If the position of the Japanese companies involved is that they refuse to consider the demand for compensation and stand on legal defenses, the moral consequences are what they are."

Exhibit I

## Securities Litigation

SHERMAN&HOWARD

AREAS OF EMPHASIS
- Federal & State Securities

PRACTICE OVERVIEW

Sherman & Howard attorneys are experienced at litigating claims involving all aspects of federal and state securities laws. This includes claims of securities fraud and violation of the entire array of securities laws, rules and regulations. Our securities litigation practice includes handling securities industry arbitrations; responding to Securities and Exchange Commission (SEC) and state enforcement agency investigations; defense against SEC and state agency enforcement and administrative proceedings; and prosecution and defense of securities class actions in federal and state courts.

REPRESENTATIVE MATTERS

- Represented class of bond holders against defendant bond issuers and their attorneys. Successfully settled.

- Represented large financial institution in state court claims against another financial institution. After the United States Supreme Court determined that there was no claim for aider and abettor liability under the 1934 Securities Act, our client refiled its claims for aider and abettor liability under state law. The case settled one week before trial, with customers of the bank receiving proceeds in excess of 100% of their investments.

- Represented purchasers of common stock in different class actions in federal court, alleging securities fraud, manipulation, and related claims. Achieved favorable settlements in each case.

- Obtained dismissal through motion to dismiss of a complaint asserting numerous securities law violations made on behalf of a putative national shareholder class alleging hundreds of millions of dollars in damages arising out of various activities of the defendants, including alleged stock price manipulation and a merger of the shareholders entity into its controlling parent, a large telecommunications company.

- Represented major telecommunications company in a nationwide securities class action alleging inflation of stock price by failing to disclose material product development information. Negotiated and effected a favorable settlement.

- Represented individual owners and officers of a medium sized high-tech company in a state wide securities class action alleging market manipulation. Negotiated and effected a favorable settlement.

- Represented a large national brokerage firm in an array of national class actions, mass actions and individual actions in both state and federal courts alleging securities fraud, broker liability and common law fraud in what was then the largest securities fraud case in Colorado history, arising out of the collapse of a large hedge fund. Successfully obtained dismissal of a third party claim in a state action and negotiated and effected settlements of all remaining actions.

- Successfully resolved, without the filing of charges, an investigation by the State of Colorado Securities Division of allegations of improper issuance of unregistered securities and violation of the anti-fraud rules.

**SHERMAN&HOWARD**

ARIZONA   COLORADO ⁝ NEVADA

- Successfully resolved, without the filing of charges, investigation by the Federal Securities and Exchange Commission and the State of Colorado Securities Division of allegations of violation of registration and anti-fraud rules in connection with solicitation of real estate investments.