# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 09-cv-01186-JLK-KMT**

JULIAN FERGUSON, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

OPPENHEIMERFUNDS, INC.;
OPPENHEIMER INTEGRITY FUNDS;
OPPENHEIMER CORE BOND FUND;
WILLIAM L. ARMSTRONG;
JOHN V. MURPHY;
BRIAN W. WIXTED;
ROBERT G. AVIS;
GEORGE C. BOWEN;
EDWARD L. CAMERON;
JON S. FOSSEL;
SAM FREEDMAN;
BEVERLY L. HAMILTON;
ROBERT J. MALONE;
F. WILLIAM MARSHALL, JR.; and
OPPENHEIMERFUNDS DISTRIBUTOR, INC.

    Defendants.

---

## JULIAN FERGUSON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF LEAD COUNSEL AND APPOINTMENT OF INTERIM CLASS COUNSEL

---

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 2

II. FACTUAL BACKGROUND ...................................................................................... 3

III. ARGUMENT ................................................................................................................ 5

    A. Mr. Ferguson Has Complied With The PSLRA And Satisfies The
       Typicality And Adequacy Requirements Of Rule 23 .......................................... 5

       1. Mr. Ferguson Has Complied With the PSLRA ......................................... 6

       2. Mr. Ferguson Is Qualified Under Rule 23 ................................................. 7

    B. The Court Should Approve Mr. Ferguson's Choice Of Lead Counsel
       If Mr. Ferguson Is Appointed Lead Plaintiff ........................................................ 8

    C. The Court Should Appoint Mr. Ferguson's Counsel As Interim Class
       Counsel Under Rule 23(g) For The Non-PSLRA Claims If Mr. Ferguson
       Is Appointed Lead Plaintiff .................................................................................. 9

       1. Girard Gibbs Has Done Substantial Work on Behalf of the Class
          to Identify and Investigate Potential Claims ............................................. 9

       2. Girard Gibbs Is Experienced in Handling Class Actions, Complex
          Litigation and the Types of Claims in this Action .................................. 10

       3. Girard Gibbs Is Prepared to Commit Significant Resources
          to Litigating this Case ............................................................................... 10

    D. The Court Should Defer Appointment Of Lead Counsel/Coordinating
       Counsel For The Broader Litigation ................................................................... 10

    E. Consolidation Of The "Fixed Income Actions" Is Not Appropriate .................... 11

IV. CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Ehler v. IPEX, Inc.*,
    2009 U.S. Dist. LEXIS 45089 (D. Colo. May 15, 2009) ...................................................... 9

*In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*,
    2008 U.S. Dist. LEXIS 106327 (S.D.N.Y. 2008) ......................................................... 12

*In re Level 3 Communications., Inc. Sec. Litig.*,
    2009 U.S. Dist. LEXIS 44706 (D.Colo. 2009) ................................................................. 6

*In re Ribozyme Pharm., Inc. Sec. Litig.*,
    192 F.R.D. 656 (D. Colo. 2000) ................................................................................. 6, 7

*SEC v. Gerhardt*,
    2007 U.S. Dist. LEXIS 78921 (E.D. Mo. 2007) ............................................................ 12

**Statutes**

15 U.S.C. § 77z-1(a)(1)……………………………………………………………………….5

15 U.S.C. § 77z-1(a)(3)(A)……………………………………………………………………..5, 6

15 U.S.C. § 77z-1(a)(3)(B) ................................................................................................... passim

Class member Julian Ferguson, through his undersigned counsel, hereby moves this Court for an Order: (1) appointing Mr. Ferguson as Lead Plaintiff; (2) approving the selection of Girard Gibbs LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Mr. Ferguson states as follows:

**D.C. Colo. L. R. 7.1(a) Certification:** Prior to filing this motion, Mr. Ferguson's counsel contacted counsel for all Defendants and counsel for the other party who previously filed a motion for appointment of lead plaintiff for Oppenheimer Core Bond Fund.

Counsel took the following positions:

Counsel for proposed lead plaintiff Dr. C. Phillip Pattison advised that Dr. Pattison will be filing a competing motion for appointment of Lead Plaintiff and Lead Counsel.

Counsel for defendants have advised that all defendants generally take no position on the motion, but reserve their right to respond.

**I.      INTRODUCTION**

Plaintiff Julian Ferguson moves for appointment as lead plaintiff in the Core Bond Fund action. He is a member of the proposed class, having purchased shares in the Oppenheimer Core Bond Fund on or after April 27, 2007 and suffered losses as a result of his investments. Mr. Ferguson believes the only other movant seeking appointment in the Core Bond Fund action is Dr. C. Phillip Pattison. Mr. Ferguson recognizes that Dr. Pattison claims a larger financial interest in the litigation than does Mr. Ferguson, and that Dr. Pattison is therefore the presumptive "most adequate plaintiff" under the Private Securities Litigation Reform Act of 1995 (PSLRA). Mr. Ferguson brings this motion as a precautionary measure, and if Dr. Pattison is not selected to serve as lead plaintiff for any reason, Mr. Ferguson moves for (1) appointment as lead plaintiff under the PSLRA; (2) approval of his selection of Girard Gibbs LLP as lead counsel for the class; and (3) appointment of Girard Gibbs as interim class counsel under Federal Rule of Civil Procedure 23(g) for the claims under the Investment Company Act of 1940, which are not subject to the PSLRA.[1]

Mr. Ferguson understands that the circumstances surrounding Dr. Pattison's solicitation by his initial counsel, Cohen, Milstein, Sellers & Toll PLLC, are likely to be the subject of further motion practice in this litigation, according to representations made by defense counsel at

---

[1]     Mr. Ferguson is represented by Gordon W. Netzorg of Sherman & Howard and Daniel C. Girard of Girard Gibbs LLP. Mr. Netzorg is a fellow at the American College of Trial Lawyers, a past president and current member of the Colorado Trial Lawyers Association, and has over 30 years of experience in complex litigation. Mr. Girard has served on the United States Judicial Conference Advisory Committee on Civil Rules since 2004 and is a member of the Advisory Board of Denver University's Institute for the Advancement of the American Legal System, a national, non-partisan organization dedicated to improving the process and culture of the U.S. legal system. Mr. Girard is also a member of the American Law Institute, and has 20 years of experience in complex litigation.

the July 15, 2009 case management conference. Mr. Ferguson takes no position in regards to these matters and leaves these issues to the sound discretion of this Court. Should the Court conclude that Dr. Pattison should not serve as lead plaintiff, however, Mr. Ferguson is prepared to serve and his counsel are prepared to work in conjunction with other counsel within the confines of the "Three Group Plan" or as otherwise directed by the Court.

In its July 20, 2009 Follow-Up Case Management Order, the Court directed counsel in the Core Bond Fund and Champion Income Fund actions to "consider the question of further consolidating those actions into a single class action, managed by a single lead counsel." Docket No. 46, July 20, 2009 Order at 3. Mr. Ferguson submits that the Core Bond and Champion Fund actions should be coordinated but <u>not</u> consolidated, because the cases assert different legal claims on behalf of different classes of investors in two distinct mutual funds with separate underlying offering documents and differing allegations of falsity. The complications and potential prejudice that consolidation would cause outweigh any of its potential benefits or efficiencies.

## II.   FACTUAL BACKGROUND

On May 22, 2009, Mr. Ferguson filed the only currently-pending complaint on behalf of the proposed class. Docket No. 1. Mr. Ferguson, along with class member Peter Sauter, filed a motion seeking appointment as lead plaintiff on June 22, 2009. Docket Nos. 15-17. In light of the Court's July 20, 2009 Order inviting parties to file amended motions on August 7, 2009, Mr. Ferguson respectfully submits this motion and anticipates that further briefing will comport with the schedule set forth in the Court's July 20 Order.

Mr. Ferguson's complaint alleges that defendants OppenheimerFunds, Inc., Oppenheimer Integrity Funds, the Core Bond Fund, and the Fund's officers and trustees violated the Securities

3

Act of 1933 and the Investment Company Act of 1940 by making false and misleading statements and omissions of material fact in the Fund's April 27, 2007 and April 29, 2008 Registration Statements on Form N-1A, Prospectuses and Statements of Additional Information filed with the Securities and Exchange Commission (collectively, the "Prospectuses"). Docket No. 1, Complaint at ¶¶ 3, 47, 59-87.

The complaint alleges that in the Prospectuses defendants promoted the Fund as a conservative investment that was appropriate as "a long-term investment" and as "a part of a retirement plan portfolio." *Id.*, ¶¶ 4, 46, 52. The Prospectuses claimed the Fund sought "total return," or "income earned on the Fund's investments, plus capital appreciation, if any, which generally arises from decreases in interest rates, improving credit fundamentals for a particular sector or security, and managing pre-payment risks associated with mortgage-related securities as well as other techniques." *Id.*, ¶¶ 3, 48, 52. The Prospectuses also said that the Fund would achieve this objective by investing primarily in investment-grade bonds and United States government securities. *Id.*

While promising to pursue these conservative investment objectives, and without obtaining authorization from a majority share of the Fund's outstanding voting shareholders, the defendants altered the Core Bond Fund's investment strategy and began to assume substantially greater levels of risk. *Id.*, ¶¶ 5, 49, 53, 86. The Fund dramatically increased its use of derivative instruments and purchases of highly volatile mortgage-related securities. *Id.* The Fund also increased its leverage up to 180% of net assets, borrowing money using the assets as collateral and then using the proceeds to pursue high risk derivative transactions. *Id.*, ¶ 6. The use of leverage greatly increased the Fund's potential loss by exposing it to the risk of loss on its new

investments in addition to loss associated with its existing asset bases. *Id.* The Fund concurrently increased its sales of credit default swaps, including those tied to companies like American International Group and Lehman Brothers Holdings Inc. *Id.*, ¶ 8.

As a result of these undisclosed high-risk strategies, the Core Bond Fund lost more than 35 percent of its value in 2008 and another 10 percent in the first three months of 2009. *Id.*, ¶ 55.

## III. ARGUMENT

### A. Mr. Ferguson Has Complied With The PSLRA And Satisfies The Typicality And Adequacy Requirements Of Rule 23

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i). The plaintiff who files the initial action must publish a notice to the class within 20 days of filing the complaint informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Within 60 days of publishing the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

The PSLRA also provides that the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i).

In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657-58 (D. Colo. 2000).

This presumption is rebuttable if the movant with the largest losses "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).  Dr. Pattison claims a financial interest greater than Mr. Ferguson's.  Should the Court determine that Dr. Pattison should not be appointed lead plaintiff for any reason, the Court should consider "the qualifications of the movant with the next largest financial interest," in this instance, Mr. Ferguson.  *In re Level 3 Communications., Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 44706 at *17 (D.Colo. 2009) (citation omitted).

### 1. Mr. Ferguson Has Complied With the PSLRA

Notice of the filing of the initial action was published on April 23, 2009, over *Business Wire*, a widely circulated national business-oriented publication.  Declaration of Daniel C. Girard, Ex. A.  The deadline for class members to move to be appointed lead plaintiff in this case was June 22, 2009 and Mr. Ferguson filed his initial motion for lead plaintiff, as a member of the Ferguson Group, with this Court on that date.  15 U.S.C. § 77z-1(a)(3)(A) and (B).  Mr.

Ferguson remains willing to serve as lead plaintiff and represent the class, and has selected and retained experienced and competent counsel. *See* Girard Decl., Exs. C (Ferguson certification); D (Ferguson declaration); E (Girard Gibbs firm resume). Accordingly, Mr. Ferguson has complied with the PSLRA's procedural requirements.

### 2.     Mr. Ferguson Is Qualified Under Rule 23

The PSLRA also requires that the lead plaintiff "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B). This inquiry is focused on the typicality and adequacy prerequisites to class certification. *See, e.g., Ribozyme*, 192 F.R.D. at 658. Mr. Ferguson satisfies both of these requirements.

"Typicality exists where the injury and the conduct are sufficiently similar." *Id.* at 659 (internal quotation omitted). "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based upon the same legal or remedial theory." *Id.* Mr. Ferguson satisfies the typicality requirement because he purchased Core Bond Fund shares during the relevant time period at prices that were artificially inflated by the false and misleading statements and omissions of material fact in the offerings, and suffered damages as a result.

Mr. Ferguson also satisfies the adequacy requirement. "The PSLRA directs courts to limit its inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *Id*. "The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Id*. There is no

antagonism between Mr. Ferguson's interest and the interests of other members of the proposed class. Mr. Ferguson has also demonstrated his adequacy as a class representatives by signing a sworn certification and declaration filed with the Court that affirm his willingness to serve as and assume the responsibilities of a class representative. *See* Girard Decl., Ex. C (Ferguson certification) and D (Ferguson declaration). Mr. Ferguson has also selected counsel highly experienced in prosecuting securities class actions. Girard Decl., Ex. E (Girard Gibbs firm resume); Ex. F (Sherman & Howard firm resume).

### B. The Court Should Approve Mr. Ferguson's Choice Of Lead Counsel If Mr. Ferguson Is Appointed Lead Plaintiff

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). Mr. Ferguson has selected Girard Gibbs as his counsel, and requests that the Court approve Girard Gibbs as Lead Counsel should the Court appoint Mr. Ferguson as Lead Plaintiff. Girard Decl., Ex. D (Ferguson declaration) at ¶ 5. Girard Gibbs is experienced in litigating securities class and non-class actions and has successfully prosecuted numerous complex class cases on behalf of injured investors. *See id.*, Ex. E (Girard Gibbs firm resume). Accordingly, Mr. Ferguson asks the Court to approve his selection of Daniel C. Girard of Girard Gibbs as Lead Counsel for the proposed class in the event that Mr. Ferguson is appointed Lead Plaintiff.

  **C. The Court Should Appoint Mr. Ferguson's Counsel As Interim Class Counsel Under Rule 23(g) For The Non-PSLRA Claims If Mr. Ferguson Is Appointed Lead Plaintiff**

In addition to the Securities Act claims that are covered by the PSLRA, the complaint alleges that defendants violated Section 13(a) of the Investment Company Act, a claim that is not subject to the PSLRA's lead plaintiff procedures. Federal Rule of Civil Procedure 23(g)(3) authorizes the Court to designate counsel to act on behalf of the proposed class before determining whether to certify these claims as a class action. Rule 23(g) requires the Court to assess whether counsel seeking appointment will fairly and adequately represent the interests of the proposed class, considering "counsel's work in identifying or investigating the potential claims, counsel's experience in handling complex class actions, counsel's knowledge of the applicable law, and the resources that counsel will bring to bear in representing the class." *See Ehler v. IPEX, Inc.*, 2009 U.S. Dist. LEXIS 45089, at *4-5 (D. Colo. May 15, 2009). Consideration of these factors confirms that Girard Gibbs will fairly and adequately represent the class as interim class counsel.

  **1. Girard Gibbs Has Done Substantial Work on Behalf of the Class to Identify and Investigate Potential Claims**

Girard Gibbs has done extensive work in identifying and investigating the claims in this action, and is prepared to continue that effort in the context of the litigation. Among other things, Girard Gibbs's investigation included gathering and reviewing relevant documents from available public sources (including public filings, news articles and other materials), interviews of potential witnesses about their knowledge of the issues in the case, and discussions with potential class members about the terms and conditions of their purchases of their shares of the

Fund. Girard Gibbs has taken the initiative in investigating the case and developing theories of liability, demonstrating the firm's qualification to fulfill a leadership role in this litigation.

       **2.**      **Girard Gibbs Is Experienced in Handling Class Actions, Complex Litigation and the Types of Claims in this Action**

As set forth in its firm resume, Girard Gibbs has extensive experience in prosecuting class actions in general, and has successfully represented investors pursuing the same types of claims asserted in this case. The firm has extensive knowledge of the applicable law and has litigated class action cases in numerous state and federal courts across the country. Girard Decl., Ex. E (Girard Gibbs firm resume).

       **3.**      **Girard Gibbs Is Prepared to Commit Significant Resources to Litigating this Case**

Girard Gibbs is prepared to devote significant human and financial resources to representing the interests of the proposed class. The firm has multiple lawyers available to work on this case and the firm will devote the resources required to take this case through pre-trial, trial and any subsequent appeal, if necessary. In addition, Girard Gibbs has the financial resources to fund the case, including expert expenses, even if the case takes several years to resolve. The firm has demonstrated its willingness to fund these types of cases in the past, and will do so here as well.

**D.**    **The Court Should Defer Appointment Of Lead Counsel/Coordinating Counsel For The Broader Litigation**

In the July 20 Order, the Court stated that it may appoint "Lead Counsel" for the entire litigation, or for the Municipal and Fixed Income fund cases, respectively, after appointing lead counsel pursuant to the PSLRA for each fund. Docket No. 46, July 20 Order at 3. The undersigned respectfully request that, should the Court wish to appoint such counsel, it allow

counsel appointed in the individual fund tracks to meet, confer and submit their recommendations for such role(s).

### E. Consolidation Of The "Fixed Income Actions" Is Not Appropriate

In response to the Court's directive in its July 20, 2009 Follow-Up Case Management Order for counsel to consider the consolidation of the Core Bond Fund and Champion Income Fund (collectively described by the Court as the "Fixed Income actions"), Mr. Ferguson respectfully submits that consolidation would not be appropriate. Docket No. 46, July 20 Order at 3. Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions involving "a common question of law or fact." Here, the cases are brought against separate funds and are based on varying legal claims which will be supported by distinct facts.

Mr. Ferguson alleges claims against the Core Bond Fund arising out of violations of the Securities Act and the Investment Company Act. The Champion Fund complaints filed in the *Janssen* (09-cv-386-JLK-KMT) and *Peters* (09-cv-525-JLK-KMT) actions allege violations of the Securities Exchange Act of 1934, which has a higher pleading standard than the Securities Act claims raised by Mr. Ferguson. Moreover, neither Champion Fund complaint includes Investment Company Act claims. The *Janssen* complaint also alleges state law claims not at issue in the Core Bond Fund action. In addition, the defendants named in the Core Bond Fund complaint do not overlap completely with those named in the Champion Income Fund complaints.

Even if the legal claims were the same, the cases concern two distinct mutual funds with separate underlying offering documents, containing different alleged false and misleading statements. There is no overlap between the Core Bond Fund class and the Champion Income

Fund class—they are comprised of investors in two different funds. The investment portfolios of the two funds also differ.

Defendants have also conceded that there are significant differences between the claims brought against the Core Bond Fund and the Champion Income Fund. Girard Decl., Ex. F (Defendants' Opposition to Plaintiff Janssen's Section 1407 Motion for Transfer). Defendants agree that the Funds had "different investment portfolios and will require separate classes…" *Id.*, Ex. F at 4. Specifically, "per their respective [SEC] filings, the Champion Fund invested primarily in a diversified portfolio of high-yield, lower-grade, fixed-income securities, while the Core Bond Fund invested primarily in investment grade debt securities and U.S. government securities." *Id*. Defendants also acknowledge that there are differences in the defendants named in the two actions. *Id*. at 18.

Given that the underlying legal claims and the facts required to support those claims are distinct, consolidation of the Core Bond Fund and Champion Income Fund is not appropriate. *See In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 2008 U.S. Dist. LEXIS 106327, at *18 (S.D.N.Y. 2008) (foregoing consolidation of a securities and ERISA case where the actions "involve[d] different parties, claims, burdens, pleading standards, losses, and insurance issues"). Moreover, because consolidation could "lead[] to inefficiency, inconvenience, or unfair prejudice" to plaintiffs as they navigate conflicting legal standards and attempt to discover separate facts in support of their disparate legal claims, the Court should allow the Core Bond Fund and Champion Income Fund actions to be prosecuted separately. *SEC v. Gerhardt*, 2007 U.S. Dist. LEXIS 78921 at *9-10 (E.D. Mo. 2007) (finding that an action alleging violations of the federal securities laws should not be consolidated with a state law claim) (citation omitted).

**IV. CONCLUSION**

In the event that Dr. Pattison and his counsel are not named lead plaintiff and lead counsel, Mr. Ferguson respectfully moves that the Court grant his motion to (1) appoint him as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B); (2) approve his selection of Girard Gibbs as Lead Plaintiff's Counsel for the Securities Act claims; and (3) appoint Girard Gibbs to serve as interim class counsel under Rule 23(g) for the Investment Company Act claims that are not subject to the PSLRA.  Mr. Ferguson further requests that the Court coordinate the Core Bond Fund and Champion Income Fund actions but that the actions not be consolidated under Fed. R. Civ. P. 42(a).

DATED: August 7, 2009

Respectfully submitted,

**GIRARD GIBBS LLP**

By:  s/ *Daniel C. Girard*
         Daniel C. Girard

Jonathan K. Levine
Regina A. Sandler
Christina H.C. Sharp
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

**SHERMAN & HOWARD LLC**

By:   s/  *Gordon W. Netzorg*

Peter G. Koclanes
633 Seventeenth Street, Suite 3000
Denver, CO 80202-3622
Telephone: (303)297-2900
Facsimile: (303)298-0940

*Counsel for Plaintiff and Lead Plaintiff
Movant Julian Ferguson*